UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                              Plaintiff,          Crim. No. 04-268 (RHK/RLE)
                                                                     **ORDER**

v.

Lamont Vernon Peterson,
Owen Kent Peterson,
Alan Victor Peterson,
Corwin Douglas Peterson, and
Rebecca Jean Van Vickle

                              Defendants.

---

Before the Court are various motions in limine brought by the government and by Defendants. For the reasons stated on the record at the January 9 and 10, 2005 hearings, at which all of the parties were present, it is **ORDERED** that:

1. Defendants' Joint Motions in Limine (Doc. No. 118) are **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Evidence obtained as a result of settlement negotiations and offers to compromise with the government is **EXCLUDED**; specifically, the February 22, 2003 letter from Lamont Peterson to the government is **EXCLUDED**;

    b. Evidence of statements made by certain defendants in conjunction with the Manvel, North Dakota fire, insurance claim, and subsequent lawsuit, that is otherwise admissible, is **NOT EXCLUDED**; however, all evidence regarding the nature of the underlying fire, the circumstances surrounding the fire, or

        any investigation relating thereto is **EXCLUDED**;

c.       Evidence regarding Peterson Autos is **NOT EXCLUDED**;

d.       Evidence of administrative decisions rendered by the National Appeals Division of the United States Department of Agriculture relating to Corwin Peterson is **EXCLUDED**; however, evidence of statements made by any defendant during the course of the NAD proceedings, if otherwise admissible, is **NOT EXCLUDED**;

e.       Evidence of the juvenile court fee paid by Lamont Peterson is **NOT EXCLUDED** to the extent that the government can introduce evidence of the payment made **without reference** to the fact that it concerned a juvenile proceeding;

f.       Evidence of prior criminal convictions of Lamont Peterson or Alan Peterson or any professional licencing issue arising therefrom is **EXCLUDED**; specifically, Alan Peterson's petition for reinstatement of his law license is **EXCLUDED** in its entirety;

g.       Expert testimony regarding any defendant's state of mind, including whether any defendant engaged in "fraudulent" conduct, is **EXCLUDED**[1];

h.       All witnesses shall be subject to a sequestration order under Federal Rule of Evidence 615, with the exception of Mark Kennedy and Wayne Meyer, the

---

[1] Likewise, expert testimony that any defendant did **not** engage in "fraudulent" conduct is **EXCLUDED**.

government's and Defendants' expert witnesses, respectively, who are not giving any fact testimony; Bryan Olschlager and Mark Price are subject to the sequestration order;

2. Defendants' Joint Supplemental Motion in Limine for Immediate Disclosure of Exculpatory Evidence (Doc. No. 129) is **DENIED**;

3. Defendants' Joint Supplemental Motions in Limine (Doc. No. 128) are **DENIED IN PART** as follows:

   a. The motion to dismiss Counts 2, 3, 20, and 38 is **DENIED** as to Lamont Peterson, Owen Peterson, and Rebecca Jean Van Vickle pursuant to the tolling agreements signed by each of those defendants in April 2004; the Court withholds a ruling on the motion with respect to Alan Peterson and Corwin Peterson pending receipt of evidence regarding their intent, or lack thereof, to enter into, or adopt, such agreements;

   b. Evidence regarding late-filed tax returns is **NOT EXCLUDED**; personal identifiers, such as social security numbers, on any tax returns admitted into evidence shall be redacted[2];

4. Defendants' Joint Supplemental Motion in Limine to Exclude Government Witnesses or in the Alternative to Cross Witnesses (Doc. No. 131) is **GRANTED IN PART** as follows:

---

[2]Subject to a contrary agreement between the government and Defendants, or further ruling from the Court.

    a.    The government shall make the relevant United States Department of Agriculture employees[3] available for interviews before they are called as witnesses; the witnesses are not required to submit to the interviews against their wishes;

5.    Defendants' Joint Supplemental Motion in Limine to Exclude Evidence Relating to Separate and Distinct (Doc. No. 130) is **DENIED**;

6.    The government's Motions in Limine (Doc. No. 126) are **DENIED IN PART** as follows:

    a.    Wayne Meyer's testimony is **NOT EXCLUDED**[4];

    b.    Richard Pickett's testimony is **NOT EXCLUDED**[5];

    c.    The motion to exclude testimony regarding the impact of actions against Defendants on any third parties is **DENIED AS MOOT** based on the representations of defense counsel that such testimony will not be elicited from their witnesses;

    d.    The Court will withhold judgment as to whether the entrapment-by-estoppel theory of defense will be submitted to the jury;

---

[3] The relevant employees are Donna Erickson, Nettie Veldhouse, Lindee Shultz, David Shea, Gwen Uecker, and Brenda Mass.

[4] The admissibility of specific testimony from Meyer is subject to further ruling, and possible limitation, at the time of his testimony.

[5] The admissibility of specific testimony from Pickett is subject to further ruling, and possible limitation, at the time of his testimony.

    e.        The Court will defer ruling regarding the extent of permissible questioning of Shawn Smeins; and

    f.        The Court will defer ruling regarding the admissibility of the government's Rule 1006 exhibits.

Dated: January 11, 2006                                      s/Richard H. Kyle
                                                                               RICHARD H. KYLE
                                                                               United States District Judge