## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

Crim. No. 04-268 (RHK/RLE)
**JURY INSTRUCTIONS**

v.

Lamont Vernon Peterson,
Owen Kent Peterson,
Alan Victor Peterson,
Corwin Douglas Peterson, and
Rebecca Jean Van Vickle,

Defendants.

## JURY INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final Instructions of the Court as to the applicable law.  You should use these Instructions to guide you in your decisions.

All of the Instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final Instructions— must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the Instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these Instructions, you, of course, are to be governed by the Instructions given to you by the Court.

You are not to single out any one Instruction alone as stating the law, but must consider the Instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a

violation of your sworn duty to base any part of your verdict upon any other view or opinion

of the law than that given in these Instructions of the Court.

You were chosen as juror for this trial in order to evaluate all of the evidence

received and to decide each of the factual questions presented by the criminal charges in

the Indictment and the pleas of not guilty by the Defendants.

In resolving the issues presented to you for decision in this trial you must not be

persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by

any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual

juror to seek the truth from the same evidence presented to all the jurors here in the

courtroom and to arrive at a verdict by applying the same rules of law as now being given to

each of you in these Instructions.

## JURY INSTRUCTION NO. 2

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—and all exhibits received in evidence—regardless of who may have produced them and any stipulations or agreements of the parties.

Any proposed testimony to which an objection was sustained by the Court must be disregarded.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case.  You are, however, permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead you to draw from the evidence received in the case.

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel. You are the sole judges of the evidence received in this case.

## JURY INSTRUCTION NO. 3

You, as jurors, are the sole and exclusive judges of the credibility or believability of each of the witnesses in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully review all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, if any, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit or disbelieve such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it

pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

**JURY INSTRUCTION NO. 4**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different from or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility or believability of the witness and not to establish the truth of these earlier statements made somewhere other than here during the trial.  It is within your province to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

## JURY INSTRUCTION NO. 5

Persons who, by reason of their knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Such testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## JURY INSTRUCTION NO. 6

You will remember that certain charts or summaries were admitted in evidence.

You may use those summaries or charts as evidence, even though the underlying documents

and records have not been introduced.  However, the accuracy of those summaries and

charts has been challenged.  It is for you to decide how much weight, if any, you will give to

them.  In making that decision, you should consider all of the testimony you heard about the

way in which they were prepared.

**JURY INSTRUCTION NO. 7**

You have heard that Rodney Rinderknecht has received a promise from the Government that he will not be prosecuted for any criminal conduct on his part.  His testimony was received in evidence and may be considered by you.  You may give his testimony such weight as you think it deserves.  Whether or not his testimony may have been influenced by the Government's promise not to prosecute him is for you to determine.

## JURY INSTRUCTION NO. 8

You have heard evidence concerning both partnership and individual tax returns involving the Defendants in this case.  You are instructed that the Defendants have not been charged with any tax violations.

You have also heard evidence that the Defendants or their farming entities may have violated federal farm program requirements, rules, or policies.  Again, the Defendants have not been charged with any such violations.

You are here to decide whether the Government has proved beyond a reasonable doubt that any Defendant is guilty of any of the crimes charged in the Indictment.  The Defendants are not on trial for any act, conduct, or offense not specifically alleged in the Indictment; evidence concerning tax returns and possible violations of federal farm program requirements, rules, or policies has been received only to assist you in determining whether the Government has met its burden to prove beyond a reasonable doubt that any Defendant is guilty of one or more of the crimes charged in the Indictment.

## JURY INSTRUCTION NO. 9

You must presume the Defendants to be innocent of the crimes charged against them.  The burden is always upon the Government to prove guilt beyond a reasonable doubt.  This burden never shifts to a Defendant for a Defendant is presumed to be innocent and the law never imposes upon him or her the burden or duty of calling any witnesses or producing any evidence.  In other words, there is no burden upon a Defendant to prove that he or she is not guilty.  A Defendant in a criminal case has an absolute right under our Constitution not to testify.  The fact that a Defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.  No inference of any kind may be drawn from the fact that a Defendant decided to exercise his or her constitutional right and did not testify.

It is not required that the Government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Whenever the term "prove" or "proof" is used in these Instructions, it means proof beyond a reasonable doubt as defined here.

**JURY INSTRUCTION NO. 10**

The Indictment charges the Defendants as follows:

Count 1 charges each of the Defendants with conspiracy to defraud the United States.

Counts 2 through 6 charge the Defendants named in those counts with making materially false statements on Farm Operating Plans for the purpose of influencing the actions of the Commodity Credit Corporation.

Counts 7 through 19 charge the Defendants named in those counts with making materially false statements regarding respective ownership interests in the relevant insured crops on Acreage Reports (counts 7 though 13) or Production Worksheets (counts 14 though 19) for the purpose of influencing the actions of the Federal Crop Insurance Corporation (FCIC) or a company the FCIC re-insures.

Counts 20 through 37 charge the Defendants named in those counts with mail fraud related to the mailing of various payments under various federal farm programs and the federal crop insurance program.

Counts 38 through 47 charge the Defendants named in those counts with wire fraud related to the interstate wiring of payments under various federal farm programs.

Each of the Defendants has pleaded not guilty of the charges against him or her.

At the beginning of the trial I told you that Lamont Peterson was accused of conspiracy, and numerous counts of making false statements, mail fraud, wire fraud, and witness tampering. Since the trial started, however, the charges having to do with witness tampering have been disposed of and are no longer before you. The other charges against Lamont Peterson remain. You should not guess about or concern yourselves with the

13

reason for this disposition.  You are not to consider this fact when deciding if the Government has proved, beyond a reasonable doubt, the counts which remain.

As you were told at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything.  To the contrary, the Defendants are presumed to be innocent. Thus the Defendants, even though charged, began this trial with no evidence against them. The presumption of innocence alone is sufficient to find the Defendants not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crimes charged.

The Defendants are not on trial for any act or conduct not alleged in the Indictment.

And keep in mind that a separate crime is alleged in each count of the Indictment. You must consider separately each alleged offense, and the evidence pertaining to it.  The fact that you may find one Defendant guilty or not guilty as to one of the offenses charged must not control your verdict as to other offenses charged against that same Defendant.  It also must not control your verdict as to any other Defendant.  You must give separate and individual consideration to each charge against each Defendant.

For a Defendant to be found guilty of any of the crimes charged in the Indictment, the Government must prove, beyond a reasonable doubt, each of the essential elements of the crimes charged.  The following Instructions provide more detail on the charges of making false statements to the Government, mail fraud, wire fraud, and conspiracy.

## JURY INSTRUCTION NO. 11

Counts 2 through 6 of the Indictment (False Statements—Farm Operating Plans)

charge Defendants identified in those counts with knowingly making, or causing to be

made, one or more material false statements on Farm Operating Plans submitted to the

Commodity Credit Corporation (CCC).  This crime has two essential elements, which are:

One, the named Defendant knowingly made one or more material false statements

on Farm Operating Plans submitted to the Commodity Credit Corporation (CCC); and

Two, the Defendant made the material false statement for the purpose influencing

the action of the CCC.

If both of these essential elements have been proved beyond a reasonable doubt as to

a named Defendant, then you must find that Defendant guilty of the crime charged;

otherwise, you must find that Defendant not guilty of this crime.

A statement or representation is "false" when it is untrue when made and known at

that time to be untrue, or effectively conceals or omits a material fact, or is made with

reckless indifference to its truth or falsity.

A statement is "material," if it has a natural tendency to influence, or is capable of

influencing, the decision of the CCC.  However, whether a statement is "material" does not

depend on whether the CCC was actually influenced and it is not necessary for the

Government to prove that the CCC was influenced by the false statement.

The alleged material false statements to the CCC are contained in the following

Farm Operating Plans set forth in Counts 2 - 6 of the Indictment:

| Count | On or About Date | Form | Defendants |
|-------|------------------|------|------------|
| 2 | 04-21-99 | 1999 Farm Operating Plan (Key West Farms) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 3 | 06-09-99 | 1999 Farm Operating Plan Update (Peterson Farms) | LAMONT VERNON PETERSON OWEN KENT PETERSON |
| 4 | 05-29-00 | 2000 Farm Operating Plan (Peterson Farms) | LAMONT VERNON PETERSON OWEN KENT PETERSON |
| 5 | 07-27-00 | 2000 Farm Operating Plan Update (Key West Farms) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 6 | 03-19-03 | 2003 Farm Operating Plan Update (Key West Farms) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |

## JURY INSTRUCTION NO. 12

Counts 7 through 19 of the Indictment (False Statements—Acreage Reports; False Statements—Production Worksheets) charge the Defendants identified in those counts with making one or more material false statements regarding respective ownership interests in the relevant insured crops on Acreage Reports and/or Production Worksheets submitted to the Federal Crop Insurance Corporation (FCIC). This crime has three essential elements, which are:

One, the Defendant knowingly made a material false statement, regarding respective ownership interests in the relevant insured crops, to the FCIC or to a company the FCIC re-insures;

Two, the Defendant made the material false statement for the purpose of influencing the action of the FCIC or a company the FCIC re-insures; and

Three, the insurance company to which the false statement was made was re-insured by the FCIC at the time the statement was made.

If all three of the essential elements have been proved beyond a reasonable doubt as to a named Defendant, then you must find that Defendant guilty of the crime charged; otherwise you must find that Defendant not guilty of this crime.

A statement or representation is "false" when it is untrue when made and known at that time to be untrue, or effectively conceals or omits a material fact, or is made with reckless indifference to its truth or falsity.

17

A statement is "material," if it has a natural tendency to influence, or is capable of influencing, the decision of the FCIC.  However, whether a statement is "material" does not depend on whether the FCIC was actually influenced and it is not necessary for the Government to prove that the FCIC was influenced by the false statement.

The alleged material false statements to the FCIC are contained in the following Acreage Reports identified in Counts 7 - 13 of the Indictment:

| Count | Date of Acreage Report | Entity (Policy No.) | Defendants |
|---|---|---|---|
| 7 | 06-28-99 | Peterson Farms (22241) | LAMONT VERNON PETERSON OWEN KENT PETERSON |
| 8 | 06-28-99 | Key West Farms (22761) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 9 | 06-28-99 | Division III Farms (53450) | LAMONT VERNON PETERSON ALAN VICTOR PETERSON CORWIN DOUGLAS PETERSON |
| 10 | 06-29-01 | Key West Farms (22761) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 11 | 06-28-02 | Peterson Farms (22241) | LAMONT VERNON PETERSON OWEN KENT PETERSON |
| 12 | 06-22-03 | Key West Farms (22761) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 13 | 06-24-03 | Peterson Farms (22241) | LAMONT VERNON PETERSON OWEN KENT PETERSON |

Additional alleged material false statements to the FCIC are contained in the

following Production Worksheets identified in Counts 14 - 19 of the Indictment:

| Count | Date of Production Worksheet | Entity (Policy No.) | Defendants |
|---|---|---|---|
| 14 | 11-23-99 | Peterson Farms (22241) | LAMONT VERNON PETERSON OWEN KENT PETERSON |
| 15 | 11-23-99 | Key West Farms (22761) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 16 | 12-19-01 | Key West Farms (22761) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 17 | 12-17-02 | Peterson Farms (22241) | LAMONT VERNON PETERSON OWEN KENT PETERSON |
| 18 | 12-19-03 | Key West Farms (22761) | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE |
| 19 | 12-19-03 | Peterson Farms (22241) | LAMONT VERNON PETERSON OWEN KENT PETERSON |

## JURY INSTRUCTION NO. 13

A Defendant may be found guilty of making false statements as alleged in Counts 2 through 19, [as described in **INSTRUCTION NOS. 11 & 12**], even if he or she personally did not do every act constituting the crime charged, if he or she "aided and abetted" the commission of that crime by some other person.

To have aided and abetted the commission of a crime, the charged Defendant must, before or at the time the crime was committed:

One, have known the offense was being committed or going to be committed by another person;

Two, have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the offense by that other person; and

Three, have known that the alleged statement made by the other person was materially false.

For you to find a Defendant guilty of making false statements by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the essential elements of the offense were committed by some person or persons other than the Defendant and that the Defendant aided and abetted the commission of that crime.

You should understand that acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who

happens to act in a way which advances some offense, does not thereby become an aider and abettor.

In summary, under Counts 2 through 19, there are two separate ways in which the Government can prove that a Defendant is guilty of the crime of making false statements to the CCC or the FCIC:

(1) the Government can prove that a Defendant himself or herself satisfies all of the essential elements of the crime of making material false statements charged in the Indictment, as set out for you in **JURY INSTRUCTION NOS. 11 and 12**; or

(2) the Government can prove that all of the essential elements of making material false statements were committed by some person or persons other than that Defendant and that the Defendant aided and abetted the commission of that crime by that other person.

**JURY INSTRUCTION NO. 14**

Counts 20 through 37 of the Indictment charge the Defendants identified in those counts with the crime of mail fraud; the charged Defendants are alleged to have devised a scheme or artifice to defraud the United States by submitting false or fraudulent Farm Operating Plans, Acreage Reports, and Production Worksheets in support of their claims for federal farm program benefits and federal crop insurance benefits and to have used the United States mails in furtherance of this scheme to defraud.

The crime of mail fraud has four essential elements, which are:

One, the Defendant voluntarily and intentionally devised or made up a scheme to defraud the United States out of money, property, or property rights, which scheme involved submitting false or fraudulent Farm Operating Plans, Acreage Reports, and Production Worksheets in support of claims for federal farm program benefits and federal crop insurance benefits;

Two, the Defendant did so with the intent to defraud the United States;

Three, it was reasonably foreseeable that the United States mails would be used; and

Four, the United States mails were, in fact, used in furtherance of some essential step in the scheme.

If all of these four essential elements have been proved beyond a reasonable doubt, then you must find the Defendant whose case you are considering guilty of the crime charged; otherwise you must find that Defendant not guilty.

22

## JURY INSTRUCTION NO. 15

Counts 38 through 47 of the Indictment charge the identified Defendants with the crime of wire fraud; the charged Defendants are alleged to have devised a scheme or artifice to defraud the United States by submitting false or fraudulent Farm Operating Plans, Acreage Reports, and Production Worksheets in support of their claims for federal farm program benefits and federal crop insurance benefits and to have used the interstate wire facilities in furtherance of this scheme to defraud.

The crime of wire fraud has four essential elements, which are:

One, the Defendant voluntarily and intentionally devised or made up a scheme to defraud the United States out of money, property, or property rights, which scheme involved submitting false or fraudulent Farm Operating Plans, Acreage Reports, and Productions Worksheets in support of claims for federal farm program benefits and federal crop insurance benefits;

Two, the Defendant did so with the intent to defraud the United States;

Three, it was reasonably foreseeable that interstate wire facilities would be used; and

Four, the interstate wire facilities were, in fact, used in furtherance of some essential step in the scheme.

"Interstate wire facilities" include, for example only, electronic fund transfers, facsimile transmissions, telephone calls, e-mails, telegraph messages, and the like.

If all of these four essential elements have been proved beyond a reasonable doubt, then you must find the Defendant whose case you are considering guilty of the crime charged; otherwise you must find that Defendant not guilty.

## JURY INSTRUCTION NO. 16

The following definitions are applicable to Counts 20 through 47 alleging mail fraud and wire fraud.

Scheme to Defraud / False / Material / Intent to Defraud

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money, property, or property rights by employing material falsehoods, concealing material facts, and/or omitting material facts.  It also means the obtaining of money or property from another by means of material false representations or promises.  The Government need not prove that the Defendants met together to formulate the scheme charged, or that there was a formal agreement among them.

A statement or representation is "false" when it is untrue when made and known at that time to be untrue, or effectively conceals or omits a material fact, or is made with reckless indifference to its truth or falsity.

A fact, falsehood, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.  However, whether a fact, falsehood, representation, or promise is "material" does not depend on whether such person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or to bring about some financial gain to oneself or another to the detriment of someone else.

25

## JURY INSTRUCTION NO. 17

It is not necessary that the use of the mails or interstate wires by the scheme participants themselves be contemplated or that the Defendant do any actual mailing or interstate wiring or specifically intend that the mails or interstate wires be used.  It is sufficient if the mails or interstate wires were in fact used to carry out the scheme and the use of the mails or interstate wires by someone was reasonably foreseeable by the scheme participants.

Each separate use of the mails or the interstate wire facilities in furtherance of the scheme to defraud constitutes a separate offense.

The following <u>mailings</u> are alleged in the Indictment:

<u>Federal Farm Program Payments</u>

| Count | Date of Mailing | Amount of Payment | Defendants (Payee) |
|-------|-----------------|-------------------|--------------------|
| 20 | 04-16-99 | $3,184 | LAMONT VERNON PETERSON (Division III Farms) |
| 21 | 10-28-99 | $3,890 | LAMONT VERNON PETERSON ALAN VICTOR PETERSON CORWIN DOUGLAS PETERSON (Division III Farms) |
| 22 | 02-03-00 | $17,666 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms) |
| 23 | 03-02-00 | $117,095 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |

| 24 | 03-21-00 | $6,128.54 | LAMONT VERNON PETERSON<br>ALAN VICTOR PETERSON<br>CORWIN DOUGLAS PETERSON<br>(Division III Farms) |
| 25 | 04-06-00 | $55,360 | LAMONT VERNON PETERSON<br>REBECCA JEAN VAN VICKLE<br>(Key West Farms) |
| 26 | 05-19-00 | $165.69 | LAMONT VERNON PETERSON<br>ALAN VICTOR PETERSON<br>CORWIN DOUGLAS PETERSON<br>(Division III Farms) |
| 27 | 08-15-00 | $65,361.76 | LAMONT VERNON PETERSON<br>OWEN KENT PETERSON<br>(Peterson Farms) |
| 28 | 02-15-01 | $94,365 | LAMONT VERNON PETERSON<br>OWEN KENT PETERSON<br>(Peterson Farms) |
| 29 | 12-06-01 | $91,660 | LAMONT VERNON PETERSON<br>OWEN KENT PETERSON<br>(Peterson Farms) |
| 30 | 05-31-01 | $14,246 | LAMONT VERNON PETERSON<br>REBECCA JEAN VAN VICKLE<br>(Key West Farms) |

Federal Crop Insurance Payments

| Count | Date of Mailing | Amount of Payment | Defendants (Entity/Policy No.) |
|---|---|---|---|
| 31 | 12-21-99 | $216,634 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms/22241) |
| 32 | 12-21-99 | $332,249 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms/22761) |
| 33 | 01-08-02 | $34,699 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms/22761) |
| 34 | 01-08-02 | $13,822 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms/22762) |
| 35 | 12-30-02 | $14,445 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms/22564) |
| 36 | 12-30-02 | $11,209 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms/22762) |
| 37 | 01-06-03 | $10,028 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms/22761) |

The following interstate wires are alleged in the Indictment:

28

Federal Farm Program Payments

| Count | Date of Wire | Amount of Payment | Defendants (Payee) |
|---|---|---|---|
| 38 | 06-08-99 | $109,415 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |
| 39 | 11-02-99 | $141,510 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |
| 40 | 01-19-00 | $56,000 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms) |
| 41 | 02-02-00 | $51,035 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |
| 42 | 04-06-00 | $50,450 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |
| 43 | 09-01-00 | $117,940 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |
| 44 | 10-28-99 | $19,148 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms) |
| 45 | 09-06-00 | $14,004 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms) |
| 46 | 09-06-00 | $13,784 | LAMONT VERNON PETERSON REBECCA JEAN VAN VICKLE (Key West Farms) |
| 47 | 08-15-01 | $107,585 | LAMONT VERNON PETERSON OWEN KENT PETERSON (Peterson Farms) |

## JURY INSTRUCTION NO. 18

In addition to the crimes charged in Counts 2 through 47, the Indictment also charges each of the Defendants with the crime of conspiracy to commit mail fraud (as alleged in Counts 20 - 37), to commit wire fraud (as alleged in Counts 38 - 47), and to make material false statements for the purpose of influencing the actions of the FCIC (as alleged in Counts 7 - 19), and thereby defrauding the United States by illegally obtaining federal farm program benefits based on false, fictitious, and fraudulent information. Federal law makes it a crime to conspire or agree with someone else to commit an offense against the laws of the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the Defendant whose case you are considering guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

First: the Defendant whose case you are considering and at least one other person made an agreement or came to an understanding to commit the crime of either making material false statements to the FCIC, mail fraud, or wire fraud, as charged in Counts 7 through 47 of the Indictment;

Second: the Defendant whose case you are considering knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further its unlawful purpose; and

Third: one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts **set forth in the Indictment at pages 9 through 10** for the purpose of carrying out or carrying forward the agreement or understanding.  The Government may prove an overt act not listed in the Indictment to satisfy this element.  Any overt act must have been committed on or after June 22, 1999.

If all of the essential elements have been proved beyond a reasonable doubt as to the Defendant whose case you are considering, then you must find that Defendant guilty of the crime charged in Count 1; otherwise you must find that Defendant not guilty of this crime.

## JURY INSTRUCTION NO. 18A

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though that Defendant had not participated before and even though that Defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

The mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You may consider actions knowingly taken and statements knowingly made by a Defendant's co-conspirator's during the existence of the conspiracy and in furtherance of it as evidence pertaining to the Defendant even though they were done or made in the absence

of and without the knowledge of the Defendant.  This includes acts done or statements

made before the Defendant had joined the conspiracy, for a person who knowingly,

voluntarily, and intentionally joins an existing conspiracy is responsible for all of the

conduct of the co-conspirators from the beginning of the conspiracy.

If you find that the alleged conspiracy did exist, you must also decide whether the

Defendant whose case you are considering voluntarily and intentionally joined the

conspiracy, either at the time it was first formed or at some later time while it was still in

effect.  In making that decision, you must consider only evidence of that Defendant's own

actions statements.  You may not consider actions and pretrial statements of others.

## JURY INSTRUCTION NO. 18B

As I explained in **INSTRUCTION NO. 18**, in order to sustain its burden of proof under Count 1 of the indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act, that this overt act was performed during the existence or life of the conspiracy and was done to further in some way the goals of the conspiracy or agreement, and that the overt act was committed on or after June 22, 1999.

It is not necessary that the overt act done in furtherance of the conspiracy be in itself unlawful.  It may be perfectly innocent in itself.

It is not necessary that a Defendant personally committed the overt act, knew about it, or witnessed it.  It makes no difference which of the conspirators committed the overt act.  This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

It is not necessary that the Government prove, beyond a reasonable doubt, that more than one overt act was done in furtherance of the conspiracy.  It is sufficient if the Government proves beyond a reasonable doubt, one such overt act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which overt act was done.

**JURY INSTRUCTION NO. 18C**

Count 1 of the Indictment charges a conspiracy to commit three separate crimes or offenses—making materially false statements to the FCIC, mail fraud, and wire fraud.  It is not necessary for the United States to prove a conspiracy to commit all of those offenses.  It would be sufficient if it proves, beyond a reasonable doubt, a conspiracy to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon <u>which</u> of the three offenses was the object of the conspiracy.  If you cannot agree in that manner, you must find the Defendants not guilty.

Earlier in these instructions I defined the elements of making false statements to the FCIC (**INSTRUCTION NO. 12**), mail fraud (**INSTRUCTION NO. 14**), and wire fraud (**INSTRUCTION NO. 15**), in relation to those substantive charges.  You may use those definitions in considering whether the Defendants conspired to commit any of those offenses, keeping in mind that the charges in Count 1 charge a conspiracy to commit those crimes and not that those crimes were committed.

## JURY INSTRUCTION NO. 19

One of the issues in this case is whether the Defendants, or any of them, acted in good faith.  Good faith is a complete defense to the charges of conspiracy, mail fraud, and wire fraud contained in Counts 1, and 20 - 47 of the Indictment because good faith on the part of a Defendant is inconsistent with the intent to defraud and intent to defraud is an essential element of the crimes charged in Counts 1 and 20 - 47.  The statutes underlying those charges are written to subject to criminal punishment only those people who knowingly and intentionally defraud or attempt to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.

In order to establish fraudulent intent on the part of a person, it must be established that such person knowingly and intentionally attempted to deceive another.  However, a Defendant does not act in "good faith" if, even though he or she honestly holds a certain opinion or belief, that Defendant also knowingly makes false or fraudulent representations to others.

The burden of proving good faith does not rest with the Defendants because a Defendant does not have any obligation to prove anything in this case.  In determining whether or not the Government has proven that the Defendants acted with an intent to

defraud or whether the Defendants acted in good faith, you must consider all of the

evidence in the case bearing on each of the Defendant's state of mind.

## JURY INSTRUCTION NO. 20

The Defendants, and each of them, answer the charges alleged in the indictment by maintaining that they made a good-faith effort to adhere as closely as possible to the often confusing and complex regulations of the agencies of the federal government that control both farm program payments and the federal crop insurance program.

The Defendants maintain that all three entities, Peterson Farms, Division III, and Key West, were real farming operations, all of which engaged in real farming, with real crops, on real acreage that was separate from the land farmed by the others, and for which they exercised separate responsibility, and maintained separate accounts.

They further maintain that they complied with all the Government regulations to the best of their abilities, and in no way intended to receive money from the Government to which they are not entitled.

## JURY INSTRUCTION NO. 21

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  Do not allow sympathy or prejudice influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these Instructions and nothing in any verdict form which has been prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is your exclusive duty and responsibility.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by you in any way in arriving at an impartial verdict as to the offense charged.

A verdict form has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to

40

communicate with the Court by any means other than a signed writing and the Court will

never communicate with any member of the jury concerning the evidence, your opinions, or

the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officer that they

too, as well as all other persons, are forbidden to communicate in any way or manner with

any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the

Court—how the jury stands, numerically or otherwise, on the question of whether or not

the Government has sustained its burden of proof until after you have reached a unanimous

verdict.